(No. 1804—■■■■■■■■)

JANIE HARTLEY, ADMINISTRATRIX OF THE ESTATE OF J. O. HARTLEY, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1933.*

JOHN H. SEARING, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for the State.

Mr. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant filed her petition as administratrix of the estate of J. O. Hartley, deceased, to recover compensation under the Workmen's Compensation Act of 1911, subsequently amended, for damages suffered by reason of the death of her husband while in the employ of the respondent as a bridge painter on S. B. I. Route 2, Division of Highways, Department of Public Works and Buildings.

The undisputed facts are that the deceased, J. O. Hartley, died on June 15, 1931, from the effects of personal injuries incurred when he accidentally fell from a bridge scaffolding to the ground below, a distance of thirty-five or forty feet. As a result of the fall, his body was pierced or impaled by a tent stake sticking up from the ground about eighteen inches and he died before he could be removed to a hospital.

The deceased had only been employed by the respondent a short time prior to the accident. His rate of wage at the time was $21.60 per week. He had been employed at various occupations as a steeplejack, millwright, railroad machinist,

salesman and painter. Just what his exact average annual earnings were is somewhat in doubt, but it fully appears that they were at least $1,000 a year.

Besides his widow, the deceased left him surviving, two dependent minor children, Velma, a daughter, age fifteen years, and Russell, a son, age eight years, at the time of the death of their father.

Under the provisions of Section 7(a) of the Workmen's Compensation Act, then in force, the widow would, therefore be entitled to a maximum award of $3,750.00, which on account of the two dependent minor children is increased, by subsequent sections to the sum of $4,550.00.

It appears from the evidence that at the time of his injury and death, the deceased was in the employ of the State in one of the extra-hazardous occupations enumerated in the Compensation Act, and comes within Section 3 of the Act as extra-hazardous.

The Attorney General does not. dispute the facts, but recommends that claimant be awarded not to exceed $4,550.00.

We find that the recommendations of the Attorney General are in accordance with the statute and the facts in this case and make an award in the sum of $4,550.00, which must be commuted under the statute.

We anticipate that an appropriation for an award will be payable about August 1st.

The deceased's injury and death occurred June 15, 1931. There would therefore be 110 3/7 weeks of earned compensation. The total compensation would ordinarily run 416 weeks. Under the Compensation Act, his beneficiary would receive $10.94 per week. There would be 305 4/7 weeks to be commuted. The sum that the administratrix therefore will receive is $4,275.94, and we recommend that an appropriation be made in that sum, payable to Janie Hartley, as the administratrix of the estate of J. O. Hartley, deceased. Inasmuch as there are two children under sixteen years of age, we deem it advisable that it be paid in that way.